[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2011
JOHN LEY
CLERK

No. 11-10218
Non-Argument Calendar
_____

D. C. Docket No. OSHRC 10-1081


CROWTHER ROOFING & SHEET METAL OF FLORIDA,

                                                            Petitioner,

versus

OCCUPATIONAL SAFETY AND HEALTH REVIEW COMMISSION,

                                                            Respondent.


_____

Petition for Review of a Decision of the
Occupational Safety and Health Review Commission
_____

(December 15, 2011)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

       Crowther Roofing & Sheet Metal petitions this court to review the

Commission's decision assessing a penalty against Crowther, in the sum of $3,500, for allowing its employees to work on a steep roof without fall protection, in violation of 29 C.F.R. § 1926.501(b)(11). In its brief,[1] Crowther challenges four of the Administrative Law Judge's ("ALJ's")[2] findings of fact: (1) that Foreman Herrera had actual knowledge of Melendez's and Valencia's failure to use fall protection, in violation of § 1926.501(b)(11); (2) that Crowther's supervisors had constructive knowledge of the violations; (3) that Crowther's training and enforcement program was insufficient; and (4) that Crowther's insufficient enforcement of its Tie-Off Rule evidenced its knowledge of Melendez's Valencia's violation. We reject Crowther's challenges to these findings on the ground that they are supported by substantial record evidence.

In addition to these challenges, Crowther argues that the ALJ erred in imputing Herrera's knowledge of the § 1926.501.(b)(11) violations to Crowther. The ALJ erred, according to Crowther, because "Herrera, who held the title of foreman, was not on the roof at the time that [Melendez and Valencia] were observed by OSHA to be violating fall protection rules and so he had no

---

[1] We state the substance of the issues Crowther's brief lays out. Four question the sufficiency of the evidence to support the ALJ's findings of fact; two raise legal errors.

[2] The Commission elected not to review the ALJ's decision. The ALJ's decision therefore became the Commission's final order for review. The ultimate question we must decide is whether the ALJ's decision is supported by substantial evidence.

knowledge of the violation which could be attributed to Crowther." We find no error. Among other things, Herrerra was responsible for directing the work of the line workers, including ensuring that the workers complied with the company's Tie-Off Rule. Crowther also argues that the ALJ erred in rejecting its affirmative unpreventable employee misconduct defense. Again, we find no error. To establish its defense, Crowther had to prove that it had (1) established work rules designed to prevent the violations; (2) adequately communicated those rules to its employees; (3) taken steps to discover violations; and (4) where it had discovered violations, had effectively enforced the rules. As the Commission properly conceded, Crowther carried its burden with respect to the first two elements of the defense. The record, however, fully supports the ALJ's conclusion that Crowther failed to prove the third and fourth elements. As for the third element, Crowther's own records indicated hundreds of OSHA violations over the preceding five years and 100 violations in the first eight months of 2010, fifty five of which related to fall protection.

We find no merit in any of Crowther's challenges, and inasmuch as substantial evidence supports the AlJ's decision, the decision is

AFFIRMED.